IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD R. BERK et al. | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 15-0474 |
| | : | |
| THOMAS A. CLARE et al. | : | |
| | : | |
| Defendants. | : | |

## SUPPLEMENT TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Plaintiffs here submit this Supplement to their Memorandum in Opposition to Motion to Dismiss to raise certain events and occurrences happening since the filing of the Memorandum in Opposition to Motion to Dismiss.

The District Court in *Hunt Capital Partners, LLC v. Berk*, No. 14-2726 (E.D. La.) denied the defendants Motion to Dismiss on July 13, 2015, and on that same date it denied defendants' Motion to Change Venue under 28 U.S.C. §1404(a). Defendants there have filed a Motion for Reconsideration of the Motion to Change Venue, noting among other reasons, that under Louisiana law of conflicts of law, the law of the state in which the alleged tort was committed is the law that governs so that under Louisiana conflicts of laws, the law of Pennsylvania would govern the plaintiffs' claims for defamation. Further the Motion for Reconsideration notes that there would be no witnesses in *Hunt v. Berk* from Louisiana as the case does not involve the substance of the business dispute between the Investor Limited Partners and the removed former general partners in the five Louisiana limited partnerships. Rather the witnesses in that defamation action, which includes the factual and legal questions whether the Hunt parties had

authority to remove and sue the general partners, would come from Pennsylvania, Colorado, California, and Maine. The plaintiffs in that case have not yet responded to the Motion for Reconsideration of the Motion to Change Venue to the Eastern District of Pennsylvania.

After the denial of the Motion to Dismiss, the Court in *Hunt v. Berk* entered an Order that the defendants had until August 7, 2015 to plead to the Complaint. Exhibit A attached hereto. On August 6, 2015, defendants filed their Answer, Affirmative Defenses and Counterclaims in the *Hunt v. Berk* litigation, and a copy is attached hereto as Exhibit B. In the Counterclaim section of that pleading, defendant Berk adopted and incorporated by reference the Claims asserted by Berk against defendants Hunt Capital Partners, LLC and HCP Pacific Asset Management, LLC in this litigation.

Defendants here have argued that under Rule 13(a) of the Fed. R. Civ. Proc. the claims here are compulsory counterclaims that needed to be filed in the *Hunt v. Berk* litigation in Louisiana. But the first opportunity to file any counterclaims in the Louisiana litigation was on the filing of the pleading in response to the Court's Order of July 17, 2015. So, plaintiff Berk has incorporated by reference the claims asserted against two of the defendants in this litigation as counterclaims in the pending Louisiana defamation litigation. As a result, plaintiff Berk has not waived any claims against defendants Hunt Capital Partners, LLC or HCP Pacific Asset Management, LLC. There is therefore no basis to dismiss the claims here under Rule 13(a).

Further, Rule 13(a)(1)(B) states that claims are not compulsory counterclaims if they would require joinder of parties in the first litigation who would destroy jurisdiction. Defendant Steven Griffith is a citizen and resident of Louisiana, so any claims against him would not be compulsory counterclaims in the Louisiana litigation since his joinder would destroy diversity jurisdiction there.

If the Court in *Hunt v. Berk* grants the Motion for Reconsideration of the Motion to Change Venue and changes venue to this District, all of this becomes moot. There are good and sufficient reasons why that Motion should be granted. A copy of the Motion for Reconsideration is attached hereto as Exhibit C and the Memorandum in Support as Exhibit D.

To further update matters, in March-April, 2015, defendant Hunt Companies, Inc. and the Hunt principals sold their interest in defendants Hunt Capital Partners, LLC and HCP Pacific Asset Management, LLC to Alden Torch Financial, LLC, a Delaware limited liability company. In June, 2015, those defendants filed amendments of their Certificates of Organization in Delaware changing their names, respectively, to Alden Capital Partners, LLC and Alden Pacific Asset Management, LLC. See Exhibits E and F. It appears that the sale transaction constituted a tax termination of each limited liability company under Section 708(b) of the Internal Revenue Code as more than 50% in interest in each was transferred within one year.

      Respectfully submitted,

*Harold R Berk*
_____
Harold R. Berk   (PA 22566)
1041 Glendevon Drive
Ambler, PA 19002-1855
215-646-3434
215-896-2882 mobile
haroldberk@gmail.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

  Harold R. Berk hereby certifies that he caused a copy of the Foregoing Supplement to Plaintiffs' Memorandum In Opposition to Motion to Dismiss upon counsel for the defendants this 7th day of August, 2015 by means of the Court's ECF/CM system.

*Harold R Berk*
_____
Harold R. Berk
Attorney for Plaintiffs